Supreme Court—General Term—First Department.

*March,* 1884.

## PEOPLE *v.* MASCHKE.

RECORD OF CONVICTION.—ASSAULT AND BATTERY.—HABEAS
CORPUS.—JURISDICTION.—SPECIAL SESSIONS.

Where the record of the conviction of a prisoner, in the Special Sessions
of New York, shows that he was convicted of "the misdemeanor of
assault and battery," where the conviction is attacked collaterally on
*habeas corpus*, it will be presumed that the offense referred to was
what is now designated under the Penal Code, § 219, as assault in the
third degree, of which offense the Special Sessions has jurisdiction.
*Semble,* that had the offense been described simply as assault and battery,
the result would be the same.

THE appellant was convicted at a court of Special Sessions
of the Peace of the city and county of New York, of assault
and battery, and sentenced to three months in the penitentiary.
On February 1, 1884, the appellant was produced in court, in
obedience to a writ of *habeas corpus*, issued by Honorable
GEORGE C. BARRETT. The return showed that the appellant
was held by virtue of a commitment, adjudging the appellant
to have been convicted of assault and battery. The discharge
of the appellant was asked for on the ground—1. That the
commitment does not show that the relator has been convicted
of any offense known to the law. 2. That under section 219
of the Penal Code there is no such offense as assault and battery.

Mr. Justice BARRETT dismissed the writ, and remanded the
prisoner.

From this order the appeal is taken.

*Howe & Hummel,* for the prisoner, appellant.—I. The com-
mitment shows that the appellant was convicted of an offense
not known to the law. Chapter V. of the Penal Code divides
all assaults into three degrees, and they are designated as assault
in the first degree, assault in the second degree, assault in the
third degree. Assault and battery is not mentioned. *Pen.*

*Code*, § 219. Where one willfully and unlawfully shoots another with intent to kill, he commits an assault and battery. But could the court of Special Sessions try that case? The same argument will apply to an assault with a deadly weapon with intent to injure. The term "assault and battery," therefore, is equally applicable to assault in the first and assault in the second degree.

"Assault and battery." It may be any of the three degrees of assault. If the appellant had been tried before a jury, and the indictment charged assault in the first degree, and the verdict of the jury should have been guilty of assault and battery, would not such a verdict be indefinite and uncertain? Could any judge pronounce a judgment upon it?

Our Code has divided larceny into two degrees. Suppose a jury should render a verdict adjudging a defendant guilty of larceny, could a court determine the punishment to be lawfully inflicted upon the prisoner? If the degree must be stated in larceny, then why not in assault?

Section 10 of the Penal Code directs : "Whenever a crime is distinguished into degrees, the jury, if they convict the prisoner, must find the degree of the crime of which he is guilty." This applies just as well to a conviction by the court of Special Sessions as to that of a jury.

II. The commitment is void. The court of Special Sessions, being a court of limited jurisdiction, it must appear affirmatively, upon the record of conviction, that the court of Special Sessions had jurisdiction of the offense, and nothing can be taken by intendment, of their records and mandates. *Hurd on Hab. Cor.* 369 ; *Ex-parte* Gray *v.* Monroe General Sessions, 12 *Wend.* 272 ; People *v.* Abbot, 19 *Id.* 192; Washburn *v.* Overseers of Poor, 9 *Johns.* 119 ; People *v.* Youngs, 1 *Caines*, 37 ; People *v.* Justices of Sessions, 1 *Johns. Cas.* 179 ; Matter of Divine, 21 *Howard*, 80 ; Harrington *v.* People, 6 *Barb.* 607 ; Howell *v.* People, 2 *Hill* 281 ; 1 *Smith's L. C.* 5th ed. 816.

The court of Special Sessions has jurisdiction of assault in the third degree. How is this court informed that the court of Special Sessions had power to try the crime of which the appellant was convicted? Only by the commitment. There-

fore, it must appear, affirmatively, by the record of conviction herein that the offense the appellant was convicted of, was one the court had jurisdiction of, and that the assault alleged against the relator was not such as specified in sections 217 and 218 of the Penal Code. The record must show this, because, if the assault is not an assault other than those mentioned in sections 217 and 218 of the Penal Code, the court of Special Sessions has no jurisdiction.

*Peter B. Olney,* district attorney, for the people, respondent.—I. The order should be affirmed, because the appellant was properly convicted at the court of Special Sessions of assault in the third degree, and such conviction was sufficiently described as the misdemeanor of assault and battery.

II. The court of Special Sessions of this city has power to try all complaints for misdemeanor. The offense charged here was a misdemeanor, and not a felony. Sec. 64, subd. 1, *Code Crim. Proc.*

III. All assaults and batteries, which are not felonious, must be misdemeanors. *Pen. Code,* § 219.

IV. The appellant should have appealed from the judgment of the court of Special Sessions, instead of obtaining the writ of *habeas corpus* herein, as a judge of the Supreme Court has no power on a writ of *habeas corpus* to review the trial of a criminal action had before a court of competent jurisdiction. The appellant had a trial in the court of Special Sessions, and was convicted of the offense charged. After such conviction, he should have appealed as required under section 749 of the Code of Criminal Procedure. Section 749 provides that a judgment rendered by a court of Special Sessions may be reviewed by the court of Sessions of the county upon an appeal. Section 515 provides that in a criminal action the only mode of reviewing a judgment or order in a criminal action is by appeal.

DANIELS, J.—The appellant was convicted in the court of Special Sessions of the misdemeanor of assault and battery upon John G. Griffith committed in said city, and upon his conviction for the misdemeanor aforesaid he was ordered and adjudged to be imprisoned in the penitentiary of the city of

New York for the term of three months. The *habeas corpus* was issued for his discharge upon the ground that he was tried and convicted of an offense over which the court of Special Sessions did not have jurisdiction, and while the offense for which the conviction was had is now by section 219 of the Penal Code designated an assault in the third degree, it still continues to be what was before the enactment of this Code known as an assault and battery. The argument that the assault may have been a felonious one and therefore not within the jurisdiction of the court before which the trial was had, is not supported by the record of the conviction. For by that it appears that the assault and battery of which he was convicted was a misdemeanor and that was equivalent to the assertion or statement that it was an assault in the third degree, and probably a mere statement of the fact that he had been convicted of an assault and battery without anything further, would be entitled to the same consideration and effect.

Certainly where a conviction is drawn in question collaterally, as it has been by means of this writ of habeas corpus, that should be the construction adopted in support of the conviction.

The writ was properly dismissed, and the order should be affirmed.

DAVIS, P. J., and BRADY, J., concur.